# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:25-CR-00049-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| SCOTT DAVID MASON, | |
| Defendant. | |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion for Filter Protocol (Doc. No. 9), its Motion to Amend/Correct that filing (Doc. No. 21), and Defendant's Response (Doc. No. 17).

In May 2025, the National Center for Missing and Exploited Children received a cyber tip reporting suspected child pornography uploaded to two Kik accounts later determined to belong to Defendant. Doc. No. 21 at 7. Law enforcement executed a search warrant at Defendant's residence in July 2025, seizing twelve devices, including his personal cell phone, a digital camera, and his work laptop. *Id.* at 7–8. On October 22, 2025, a Grand Jury returned an indictment charging Defendant with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A, and one count of possession and access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* Doc. No. 3.

Following the July search, the Government proposed a filter protocol to review the seized devices, acknowledging the potential presence of privileged materials. *See* Doc. No. 9. Defendant opposed the filter protocol, requesting instead that a special master conduct the review. *See* Doc.

No. 17. At the hearing on the Motion, the Government explained that the filter team would consist of a forensic examiner, an agent, and a government attorney, none of whom are members of the prosecution team. Doc. No. 21 at 10. The Government further represented that its searches would be confined to "(i) media [including photos and videos], (ii) Kik-related material, (iii) internet history usage, and (iv) user profiles and applications installed on the devices." *Id.* It also agreed to exclude Microsoft Outlook and Teams communications associated with Defendant's former employer, as well as SMS and text messages from Defendant's personal iPhone, from any report provided to the trial team. *Id.* at 12.

After contacting Defendant's former employer, the Government reported that the company did not object to review of its laptop or Defendant's iPhone under the proposed protocol. *Id.* The employer also supplied a list of client names, which the Government agreed to omit from any reports furnished to the trial team. *Id.* Despite these additional safeguards, Defendant maintained his opposition.

The Court has carefully considered the Government's Motion for Filter Protocol (Doc. No. 9), Defendant's Response (in opposition) to Motion (Doc. No. 17), the Government's Motion to Amend/Correct Motion for Filter Protocol (Doc. No. 21)–to which Defendant did not respond– and oral argument on November 20, 2025. For the reasons explained during the hearing, the Court will adopt the modified filter protocol (*see* Doc. No. 21). Accordingly, the Government's Motion to Amend/Correct Motion for Filter Protocol is **GRANTED**, and the original Motion for Filter Protocol is **DENIED** as moot.

**SO ORDERED.**

Signed: December 3, 2025

Kenneth D. Bell
United States District Judge